# United States District Court

<u>    WESTERN    </u> **DISTRICT OF** <u>    NEW YORK    </u>

UNITED STATES OF AMERICA

v.

THOMAS POKRYWCZYNSKI

Defendant

**CRIMINAL COMPLAINT**

CASE NUMBER: 09-M-1073

I, Laura E. Rola, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief.

From approximately 2002 through 2008, in the Western District of New York, the defendant did embezzle funds for his own use from Transit Union Local 1342 and the New York State Legislative Conference Board -- two labor organizations of which he was an officer, in violation of Title 29, United States Code, Section 501(c).

I further state that I am an Investigator with the Department of Labor, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   (✔) Yes   ( ) No

*Laura E. Rola*
Laura E. Rola, Investigator
Signature of Complainant

Sworn to before me and subscribed in my presence,

<u>August 21, 2009</u>   at   <u>Buffalo, New York</u>
Date                                                City and State

HON. JEREMIAH J. McCARTHY
United States Magistrate Judge

Name & Title of Judicial Officer   Signature of Judicial Officer

## AFFIDAVIT
## IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO     )

I, Laura E. Rola, being duly sworn, depose and state as follows:

1. I am an Investigator with the Department of Labor, Office of Labor Management Standards, and have been an Investigator for approximately five years. As part of my duties as an Investigator, I investigate information that I have uncovered and/or have received that may lead to evidence of criminal violations of the Labor Management Reporting and Disclosure Act (LMRDA) regarding labor organizations.

### INTRODUCTION

2. This affidavit is made in support of a criminal complaint charging THOMAS POKRYWCZYNSKI with violating Title 29, United States Code, Section 501(c) by embezzling funds for his own use from Transit Union Local 1342 and the New York State Legislative Conference Board -- two labor organizations of which he was an officer at the time of the offense -- in the amount of $277,548.72. As discussed below in this affidavit, POKRYWCZYNSKI is the target of the embezzlement investigation from both of these labor organizations located in the Western District of New York.

1

3. The facts set forth in this affidavit are based upon documents I reviewed, interviews with the victims -- officers of both labor organization Local 1342 and the NYS Legislative Conference Board -- and with the defendant, and facts and documents provided to me by other analysts. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint, the affidavit does not include each and every fact known to me concerning this investigation, and it sets forth only the facts that I believe are necessary to establish probable cause to believe that POKRYWCZYNSKI did knowingly violate Title 29, United States Code, Section 501(c).

BACKGROUND OF INVESTIGATION

4. I initiated an investigation into an embezzlement from Transit Union Local 1342 and NYS Legislative Conference Board, both of which are labor organizations that engage in interstate commerce, based upon my findings while conducting a compliance audit of Transit Union Local 1342. Local 1342 represents over 1,400 bus drivers and mechanics from the Niagara Frontier Transportation Authority (NFTA), Grand Island Transit, and Coach USA in Erie, PA.

5. The compliance audit on Transit Union Local 1342, a labor organization located in West Seneca, New York, started on February 12, 2008. POKRYWCZYNSKI was the Financial Secretary/Treasurer of Local 1342 and a full time employee at all relevant times. While conducting the audit, I noticed a discrepancy in one of several bank accounts held in Local 1342's name. Money slated for Local

2

1342's medical account (M&T checking account number XXX5673) was not deposited into any Local 1342 account. Additionally, bank transaction receipts were found in Local 1342's records that did not match any of Local 1342's accounts. Funds slated for Local 1342's medical account appeared to be deposited into an unmatched bank account.

6.   On March 12, 2008, I questioned POKRYWCZYNSKI about the discrepancies, and he initially denied any knowledge. He further denied that the unmatched bank account was a personal account. When POKRYWCZYNSKI was told that the audit would be expanded to review all of the finances, he recalled that this unmatched account was probably the Transit Union's NYS Legislative Conference Board account (M&T checking account number XXXX8074). POKRYWCZYNSKI was asked why Local 1342 union funds would have been deposited into that account. POKRYWCZYNSKI said he did not know. POKRYWCZYNSKI was asked if he was using the money for his own personal use. At this point, POKRYWCZYNSKI asked me to close his office door.

7.   POKRYWCZYNSKI then explained that he was also the Treasurer for the NYS Legislative Conference Board, which is comprised of all Transit Union locals in New York State. POKRYWCZYNSKI admitted to using union funds from accounts of both Local 1342 and the NYS Legislative Conference Board to finance a gambling addiction while he was an officer of both unions. POKRYWCZYNSKI explained that he diverted money intended for the local union to the NYS Legislative Conference Board account. As Treasurer for the NYS Legislative Conference Board he was solely responsible for

3

the finances of the Board. This NYS Legislative Conference Board account did not have any oversight by any entity, and he used the funds for personal means. POKRYWCZYNSKI indicated that all funds were used for his gambling or paying gambling debts. POKRYWCZYNSKI had been diverting money for the past four or five years, but he could not recall the exact time frame. POKRYWCZYNSKI also did not know the exact amount of money he used for his personal use. He did recall two specific diversions of funds -- one in the amount of $10,000 and the other in the amount of $5,000. He could not recall any other disbursements, but he knew there were many more. At the end of the conversation, POKRYWCZYNSKI freely and willingly provided me with a signed statement admitting to his personal use of these union funds. See Exhibit A.

8. As an OLMS Investigator, I took possession of five years of records and reviewed those records for additional losses not recalled by POKRYWCZYNSKI. Most of the bank statements from the NYS Legislative Conference Board account had to be obtained by a grand jury subpoena since POKRYWCZYNSKI either did not retain or destroyed the records.

9. After review of the records, I determined that from approximately January 2003 to March 2008, Local 1342 sustained a loss of $70,941.67 in funds from cash, negotiated checks, or funds diverted by POKRYWCZYNSKI from the Local 1342 medical account (XXX5673) and another Local 1342 M&T checking account (XXX9033). From January 2003 to

March 2008, the NYS Legislative Conference Board sustained a loss of $155,200 in unauthorized ATM withdrawals and one instance of a check written by POKRYWCZYNSKI to himself. There were 407 unauthorized withdrawals made by an ATM card by POKRYWCZYNSKI, usually at a location in close proximity to the union hall or his personal residence.

10.  The NYS Legislative Conference Board sustained an additional loss of $28,340.00 due to unauthorized withdrawals in 2002 and incurred $67.05 in ATM fees resulting from POKRYWCZYNSKI's unauthorized withdrawals from 2002 through 2008.

11.  In addition, as a result of POKRYWCZYNSKI resigning under admission of guilt, Local 1342 was required to hire an accounting firm.  Local 1342 incurred an additional $23,000 in accounting fees to conduct a forensic audit due to the embezzlement.

12.  Wherefore, I respectfully submit that the foregoing establishes that there is probable cause to believe that THOMAS POKRYWCZYNSKI violated Title 29, United States Code, Section 501(c) by embezzling funds of labor organizations of which he was an officer and was employed

in excess of $277,000 through the retention of cash, negotiating checks, diverting funds, and unauthorized ATM withdrawals.

*Laura E. Rola*
LAURA E. ROLA
Investigator
Department of Labor
Office of Labor Management Standards

Sworn to and subscribed
before me this 21st day
of August, 2009.

JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6

# EXHIBIT A

Case 1:09-mj-01073-JJM   Document 1   Filed 08/21/09   Page 9 of 10

7168422901        US Dpt of Labor-OLMS                         11:44:23 a.m.   08-18-2009     6/7
7168422901        US Dpt of Labor-OLMS                         07:51:49 a.m.   03-12-2008     2/4

I, Thomas Pokrywczynski residing at 17 Windsor Ridge Dr. Lancaster, telephone 716/685-4654, make the following voluntary statement to Investigator ~~INSERT NAME~~ Laura E. Rola, who has identified herself to me as Investigator of the Office of Labor-Management Standards, U. S. Department of Labor. Investigator NAME has advised me that she is conducting an official investigation for the U. S. Department of Labor, Office of Labor-Management Standards, pursuant to the Labor-Management Reporting and Disclosure Act of 1959.

This morning 3-12-08 I met with Laura Rola and she informed me that there was money which should have gone into the medical account of Local 1342 and went to an account that she had no information on. I told her that it was the NY State Conference Board's Account and I was putting the money in that account to make up for the shortages caused by myself using that money for a gambling problem I have. I started using this account for my gambling problem app. 4 to 5 years ago. From time to time I would take money from my personal account to repay what I took. This was done completely by myself. No one from the union or my family knew I was doing this. The medical account was the only account I moved money from into another account. I don't know how much was used for my gambling problems.

7168422901   US Dpt of Labor-OLMS   11:44:43 a.m.   08-18-2009   7/7
7168422901   US Dpt of Labor-OLMS   07:52:05 a.m.   03-12-2008   3/4

ANY REPORTS THAT THRU MY JOB DUTIES WAS TO BE SUBMI SUBMITTED FOR THE NYS.CON. BD WERE EITHER NOT SUBMITTED OR FALSE. WHEN THE INVESTIGATIO IS COMPLETED AND A FINAL TOTAL IS REACHED I WILL PAY IT BACK IMMEDIATELY. AND I WILL RESIGN MY POSITION WITH ATU LOCAL 1342.

I declare under penalty of perjury that the foregoing statement consisting of __2__ pages is true and correct.

3-12-08 Date _Thomas M Pohryuypul_ (Signature of Interviewee)

3/12/08 Date _Laura E. Kola_ (Signature of Witness)

_____ Date _____ (Signature of Witness)

Signed at: 196 Orchard Park Rd, W.Seneca (Location) NY 14224